AD–II points to specific teachings in the Japanese reference to support its anticipation argument. AD–II notes that the Japanese reference discloses an "operating member being adjustably rotatable to several specific angles centered on the axis of the mounting unit, these several specific angles being correlated with different gear ratios states," J.A. 4568 (element numbers omitted). AD–II also points out that the reference discloses a detent-based "stopping means for regulating the specific angle of the operating member," *id.* 4570 (element numbers omitted), and explains that the disclosed device performs indexed downshifts because the device is used "to shift the drive chain between several gears mounted on the drive wheel," *id.* 4574. Because SRAM failed to challenge these teachings and because no other genuine issues of material fact have been raised, summary judgment of invalidity of claim 27 is appropriate.

■ Finally, there is no genuine issue of material fact that the Japanese reference is enabling in the sense required to support anticipation under section 102. The declaration provided by the inventor of the Japanese reference merely stated that *he* never created a model of the shifter described in the reference that worked with a derailleur and that *he* was unaware of anyone who had. The question, however, is not whether the inventor built or could have built an operative model of the device, but whether the reference discloses each of the steps of the claimed method. *Schering Corp.,* 339 F.3d at 1380 (noting that a prior art reference may be enabling "even if [its] author or inventor did not actually make or reduce to practice [the disclosed] subject matter." (citation omitted)). As noted above, we find no genuine issue of material fact as to the disclosure in the Japanese reference of each of the method steps recited in claims 16 and 27. SRAM's contention that the demonstration it conducted during the reexamination proceeding proved that the shifter cannot perform the method of downshifting described in the claims is both inapposite and irrelevant. This demonstration simply provides evidence that the model built does not perform precise indexed downshifting, which is not recited in either claim 16 or claim 27.

Because there are no genuine issues of material fact on this record that the Japanese reference discloses each and every limitation of claims 16 and 27 and contains an enabling disclosure in the sense of section 102, we hold as a matter of law that the Japanese reference anticipates claims 16 and 27. In light of our holding, we need not and do not address AD–II's remaining arguments.

## CONCLUSION

The district court's denial of AD–II's motions for summary judgment of invalidity of claims 16 and 27 based on the Japanese reference is reversed.

*REVERSED.*

**Pedro P. DEL ROSARIO,**
**Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2009–7058.

United States Court of Appeals, Federal Circuit.

March 2, 2010.

158

Mark R. Lippman, The Veteran Law Group, of La Jolla, CA, argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Before MICHEL, Chief Judge, RADER, Circuit Judge, and FOLSOM *, District Judge.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

Tommy Lee STEVENS, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2010–5022.

United States Court of Appeals, Federal Circuit.

March 3, 2010.

Tommy Lee Stevens, of Mount Olive, NC, pro se.

* The Honorable David Folsom, Chief District Judge, of the Eastern District of Texas, sitting by designation.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Before MAYER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Tommy L. Stevens, a pro se plaintiff-appellant, appeals the final judgment of the United States Court of Federal Claims dismissing Stevens' claims pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") for lack of jurisdiction. *See Stevens v. United States,* 2009 U.S. Claims LEXIS 408, at *12 (Fed.Cl. Oct. 28, 2009). Stevens brought several claims before the Court of Federal Claims but on appeal has raised only three issues: (1) whether the Court of Federal Claims correctly ruled that Stevens was not involved in a contract with the federal government; (2) whether the Court of Federal Claims possesses jurisdiction to provide a plaintiff with an opportunity to testify before Congress; and (3) whether the Court of Federal Claims properly dismissed Stevens' claim against the U.S. Government for lack of jurisdiction because Stevens does not have a money mandating claim. For the reasons noted, we *affirm* the decision of the Court of Federal Claims.

BACKGROUND

Stevens asserts that in 1994 a man named Curtis Freeman attacked him and broke his leg and ankle as part of a conspiracy to implant him with an electronic chip. Freeman was allegedly charged with assault, but that charge was dropped. Since that time, Stevens has sought relief related to the alleged chip implantation in both state and federal court, but in each case the respective court has dismissed the case. *See Stevens,* 2009 U.S. Claims LEXIS 408, at *2–4 (discussing appellant's prior suits most of which were dismissed because appellant's "allegations were fanciful, fantastic and delusional").

In 2009, Stevens brought suit against the United States in the Court of Federal Claims. *See id.* at *1. In this suit, Stevens did not ask for monetary damages. *Id.* at *4. Rather, Stevens asked the Court of Federal Claims "to request that the U.S. Congress allow me to testify before them ... [to] request a congressional investigation or what ever this court think [sic] is an appropriate way to investigate this matter." *Id.* at *4–5 (alteration in original) (quoting Compl. at 8). The Government moved to dismiss pursuant to RCFC 12(b)(1) asserting that the court lacked subject-matter jurisdiction. *Id.* at *5. The Court of Federal Claims granted the defendant's motion to dismiss finding that it lacked "jurisdiction to provide plaintiff an opportunity to testify before congress" because the court "does not possess authority to order 'equitable relief such as specific performance, a declaratory judgment or an injunction.'" *Id.* (quoting *Smalls v. United States,* 87 Fed. Cl. 300, 307 (2009)). In response to defendant's motion to dismiss, Stevens alleged various claims including wrongful infliction of pain sounding in tort, a violation of privacy rights under the Fourth Amendment, violation of various criminal statutes, and a takings claim under the Fifth Amendment. *Id.* at *7–12. Each of these claims was denied by the court either for lack of jurisdiction or because Stevens had not provided sufficient evidence to support the claims. *Id.*

In addition, Stevens alleged that he was a party to a contract with the government or at least a third-party beneficiary of a contract between "presumably the Govern-